# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON RIOS-DAVILA, | No. 4:19-CV-02204 |
| Plaintiff. | (Judge Brann) |
| v. | |
| THERESA DELBALSO, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 15, 2020

## I. BACKGROUND

Plaintiff Ramon Rios-Davila, a Pennsylvania state prisoner incarcerated at SCI-Mahanoy in Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he is being incarcerated in excess of his maximum date of release.[1] Plaintiff alleges that his original maximum date of release has changed from August 11, 2019, to September 19, 2020, which is a violation of his rights.[2] Plaintiff has also filed a motion to proceed *in forma pauperis*[3] and, for screening purposes, that motion will be granted.

---

[1] ECF No. 1.
[2] *See id.* at 3.
[3] ECF No. 5.

## II. DISCUSSION

Sections 1915(e)(2) and 1915A of Title 28 require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated.[4] The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.[5] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[6] "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[7] In determining whether a complaint states a plausible claim for relief, this Court must

---

[4] *See* 28 U.S.C. §§ 1915(e)(2), 1915A.
[5] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).
[6] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[7] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

"accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[8]

Given Plaintiff's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983.[9] Furthermore, as Plaintiff requests, in addition to his immediate release, monetary damages, such relief would be barred pursuant to *Heck v. Humphrey*,[10] which bars monetary damage claims unless the allegedly unconstitutional imprisonment has been, *inter alia*, reversed on appeal or called into question by the issuance of a writ of habeas corpus.

As such, Plaintiff's complaint fails to state a claim upon which relief may be granted and must be dismissed. To the extent that Plaintiff wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[8] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).
[9] *See Preiser v. Rodriquez*, 411 U.S. 475, 488–89 (1973) (holding that prisoner challenging validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statute, which Congress specifically designed for that purpose, rather than broad language of § 1983); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under § 2254).
[10] 512 U.S. 477, 486–87 (1994).

## III. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.[11]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11] The Court will decline to grant Plaintiff leave to file an amended complaint because Plaintiff's claim for relief is not cognizable in a complaint brought pursuant to § 1983 and instead must be brought as a separate petition for writ of habeas corpus pursuant to § 2254.